## UNITED STATES v. HARRIMAN et al.

District Court, S. D. New York.
July 7, 1933.

George Z. Medalie, U. S. Atty., and Arthur H. Schwartz, Asst. U. S. Atty., both of New York City, for the Government.

William J. Donovan, of New York City (William J. Donovan, George S. Leisure, Robert H. Thayer, and Boykin C. Wright, all of New York City, of counsel), for defendant Harriman.

Charles H. Tuttle, of New York City, for defendant Austin.

CAFFEY, District Judge.

The Court: Since the last session of the court I have read the indictment; I have studied the petition and affidavits presented in support of the request for an inquiry; I have re-examined the principal court decisions; in addition, I have conferred with other judges of the court as to precedents in this district for the conduct of inquiries like that which is now pending.

■ Before reading the indictment I had no precise knowledge of what issues it raises. What they are constitutes a fact which must be taken into account in determining whether or not the defendant is in present mental condition to comprehend the charges, to give testimony, and to assist in the conduct of his defense. I have considered that fact in connection with what was said by counsel yesterday, as well as with what is embodied in the papers.

That there should be an inquiry is clear beyond controversy. Not alone is this dictated by humane instincts, but as matter of law it is the duty of the court to make it in some form. Indeed, it would be reversible error on the part of the court not to carry on such an investigation in advance of entering on a trial or placing the defendant on trial. What shall be the procedure is the problem to which I have devoted my attention overnight.

■ The form of the procedure is within the discretion of the court. That is well established by the federal decisions. One of these, to which I referred yesterday, is Youtsey v. United States (C. C. A.) 97 F. 937. Another, to which I shall refer again, is United States v. Chisolm (C. C.) 149 F. 284.

In the law, so far as I have discovered, there are four available methods:

1. Committal of the defendant to an institution for observation and report.

2. Appointment of a commission to make inquiry and report.

3. Calling in the assistance of a jury.

4. Conduct of the inquiry by the judge alone.

In this court committing to institutions for observation and report has prevailed for a long time in such cases. There being no statute on the subject, it has been usual, with-

in my experience, to ask the defendant or his counsel whether he consents to this method. I do not know that consent is essential; but it has been prudent, or has heretofore been regarded by the judges as prudent, to obtain it.

■ Procedure through a commission exists in the courts of the state of New York. That, however, is pursuant to a statute which fully covers the entire subject, including the form of inquiry. There is no like federal statute. Moreover, there is no precedent, so far as I have been able to ascertain, for employing a commission in this court to conduct such an inquiry. Even if, however, there were inquiry by a commission, its report would only be advisory. There would still remain the responsibility for an examination by the court itself.

■ Neither side has requested submission of the question to a jury. The defendant is not entitled to a jury trial of his mental condition. However, from my study of the documents overnight—considering them, as I have indicated, in connection with the indictment—in order to arrive at a just result by presentation of the matter to a jury, I feel that it might be essential, and probably would be essential, to go into very elaborate proof. Furthermore, from the nature of the evidence which the affidavits indicate will be offered, I fear that there will be some features of the inquiry which would be exceedingly hard for a jury to comprehend or at least to comprehend sufficiently to enable it to render a just verdict. As I shall also later indicate, there are perhaps devices not usually included in any of the four methods I have referred to, which it might become advisable to resort to, with the view to the greater certainty that justice is being done. It would be difficult, if not impossible, to avail of those devices for the benefit of a jury. Lastly, after a jury verdict, the responsibility would still remain on the court. As said in the ancient law books, the jury verdict is only an aid to the conscience of the court.

As a result of having examined the Youtsey Case and the Chisolm Case in advance of the hearing yesterday, my first impression was that it was better that the court call a jury to its assistance. I was influenced to that conclusion by the expressions of the learned judges who sat in those cases. Both thought that a jury inquiry is preferable as a help to the court.

■ Since, however, I have gone over the papers and have conceived as best I can the

nature of the evidence most likely to be offered and have been left in doubt as to whether all phases—at best whether without great elaboration some phases—of the matter could, within any short period, be sufficiently presented to a jury to enable it to reach a just result and have learned that never, within the memory of any of the judges connected with this court whom I have consulted, has there been an inquiry in this court of the present character with the aid of a jury, notwithstanding my great respect for the learned judges who wrote in the two cases I have cited, I have decided that it is the duty of the court itself to conduct the inquiry, with one condition which I shall mention.

Naturally I should prefer to avoid the responsibility. It is a grave responsibility. Yet, as I see it, under all the circumstances as I have related them, it is my duty to assume it.

The condition which I shall prescribe is this: I shall outline a bit later the procedure to be followed by the litigants. After both have presented what they desire to present and have been heard, if I am not fully satisfied, I reserve the right to employ additional methods of my own choice, as well as to make additional tests, if I deem those needed in order to reach a conclusion which I am willing to adopt.

Application was made yesterday by the government to have the court designate its experts. At the moment I decline to do that. I shall sit as a trier of the facts. Accordingly, at this time I shall not designate any witness. I shall leave the parties themselves free to offer any relevant testimony they wish, reserving, as I have indicated—and in that respect I want no misunderstanding—the right, as I conceive I have the right, to call for additional proof of any type I shall specify or to apply additional methods of my own selection.

Inasmuch as among the methods that have prevailed in the courts is commitment to an institution for observation and report, and the practice in this court has been, preceding such a commitment, to ask of the defendant or his counsel whether he consents to the commitment, I now inquire of counsel for Mr. Harriman whether, in event at a later stage the court should conclude that, in order to satisfy itself, it is wise and just that there be a temporary commitment for the purpose of observation and report, or that any other methods be applied, there is consent on behalf of the defendant?

Mr. Donovan: If it please the court,

speaking for myself, I think that it should be done, and I would so advise the family of the defendant. Naturally, before I can answer more definitely, I would like to talk with the family.

The Court: Yes.

Mr. Donovan: My opinion is that consent should be given.

The Court: Very well. If you wish to retire, the marshal will arrange for a consultation between counsel and his clients.

(Whereupon counsel and Mrs. Harriman retired to the court's chambers.)

(Counsel for defendant and Mrs. Harriman return to the courtroom.)

Mr. Donovan: May it please the court, I have talked with Mrs. Harriman and I have tried to explain to her, because her infirmity does not enable her to hear what goes on in this courtroom, I have tried to explain to her what your honor has said. She has asked me to say this to your honor, that she does not want her feelings to stand in the way, that if your honor should feel in the course of this trial that it should be necessary to have Mr. Harriman placed in an institution for observation, that however she might feel about it, she feels that in view of your honor's position in regard to it, that she should consent, and while not asking it as a condition to her consent, she asked me to urge upon your honor that if you should find it necessary to be done, that on that occasion that she be permitted to be with him wherever he should be placed.

The Court: I cannot at this time determine whether occasion for a commitment will ever arise. Neither can I at this time attach any condition to the exercise of an authority which I believe the court has without consent. Nevertheless, the precedents in this district, in so far as I have been acquainted with them during four years' service, have been to make an inquiry of the defendant, or the defendant's counsel, as to whether consent is given. One reason why I am unwilling at this time to attach any condition is that I do not know and cannot forecast what may be the circumstances or the exigencies which, in my judgment, may demand that there be a different form of investigation from any that

has been used or the application of a different test from any that has come out in the evidence. I therefore wish to make it plain that I reserve an absolutely free hand, after I have listened to all the testimony adduced by both sides and have heard argument, to do what in my unfettered choice I deem required in order to reach a just judgment.

I indicated to you that I would prescribe the procedure that is to be followed. I say this subject to hearing counsel's suggestions or any consents they may wish to submit to the court.

The best definition that I have found in the court decisions of the issue before the court is in the Chisolm Case (C. C.) 149 F. 284, 287. It contains two sentences which state in quite definite terms what the issue is. It was there said: "The precise question * * * is to determine whether at this time the prisoner is in such possession of his mental faculties as enables him to rightly comprehend his condition with reference to the proceedings against him, and to rationally aid in the conduct of his defense." Again, it was said that "the inquiry * * * is this: Is the mind of the defendant at the bar * * * so far from normal and so impaired by disease as to make it improper and unjust to keep him on trial for the offense for which he has been arraigned?"

The question to be tried out is as put in the two extracts I have quoted.

I will afford opportunity to either side to submit whatever testimony, lay or expert, it desires to offer. Testimony as to the facts with respect to the present mental condition of the defendant or laying a basis for the forming of a judgment as to his present mental condition is as important as are expressions of opinion by experts. The court naturally will be assisted by the opinions of experts. Nevertheless, in this case, as in all cases in which expert testimony is received, it is not binding. It is merely to be considered as of possible assistance to the court in reaching a conclusion.

The opening testimony should be given by or in behalf of the defendant. That should be followed by testimony offered by the government.