## UNITED STATES v. FORE.
### No. 5558.

District Court, S. D. California, S. D.
March 5, 1941.

William Fleet Palmer, U. S. Atty., and Harold R. Shire, Asst. U. S. Atty., both of Los Angeles, Cal., for plaintiff.

John T. Holt, of San Diego, Cal., for defendant.

NETERER, District Judge.

█ The Conformity Act has no application. Under the Federal law, the procedure of the State is not applicable in criminal cases, the only plea available is "not guilty". Insanity may be offered on a plea of not guilty, as a defense tending to show that the defendant at the time of the act charged was incapable of forming a criminal intent. The Conformity Statute, 28 U.S.C.A. § 724, provides: "The practice, pleadings, and forms and modes of proceeding in *civil causes,* other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice * * * existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding." R.S. § 914. In Laidlaw v. Oregon Ry. & Nav. Co., 9 Cir., 81 F. 876, the court held that the Conformity Statute did not apply in admiralty cases, and by the same token if judicial expression is required, would not apply to criminal cases. (Italics supplied.)

There is provision of the statute, however, in vindication of civil rights, where jurisdiction is conferred in civil and criminal matters on the district courts by the provisions of chapter 3, section 41 et seq., of Title 8 U.S.C.A., and by Title 18 U.S.C.A., for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in the cases where the Federal laws are not adapted to the object or the defendant, in the provisions necessary to furnish suitable remedies and punish offense against law, the common law, as modified and changed by the Constitution and statute of the States wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, are extended to, and govern the courts in the trial and disposition of the cause and, if it is of a criminal nature, in the infliction of punishment on the party found guilty. But this is not a prosecution under the civil rights act.

█ The Circuit Court of Appeals of the Sixth Circuit in Youtsey v. United States, 97 F. 937 held that the Federal courts are governed by the practice at common law as to the method of trying an issue of insanity of a defendant where the objection is urged in bar of a trial; and by such practice the defendant is not entitled to a jury as a matter of right, but the judge may, in his discretion, call a jury, or determine the issue himself upon his own inspection of the defendant, and such testimony as he may choose to make, or he may direct the question to be tried by the jury with the plea of not guilty. To excuse an act because of insanity the degree of insanity must be shown to have been sufficiently great to have controlled the will power of the defendant at the time the act was committed. When reason ceases to have dominion over the mind, proven to be diseased and the person reaches a degree of insanity where criminal responsibility ceases, accountability to the law for the purpose of punishment no longer exists. The issue upon that point is, was the defendant's brain impaired to such an extent that he was incapable of forming a criminal intent, and that his mind was not under his control by reason of this infirmity, and his brain was compelled to it, that at the time his will power, judgment, reflection, and control of his mental faculties was impaired, so that at the time he could not distinguish between right and wrong, or that the act was done under pressure of an irresistible, and uncontrollable impulse at the time. Intent is the gist of the charge, and must be proven beyond a reasonable doubt, and since it is physiologically impossible to enter the mind of the defendant to find intent it must be established by circumstances, conduct, etc., before, at, and, subsequent to the act charged.

█ I am conscious that in some State procedure, the defendant must impose the plea of insanity, and that issue is determined in a separate trial for mental irresponsibility. Since such procedure is not provided by the Federal law, and is therefore determined according to the practice of the common law, and under such procedure the issue of insanity, and guilt of the homicide, may be determined in the same trial, I therefore, direct that the issue of insanity may be presented under the plea of not guilty.