## UNITED STATES v. MacLEOD.
### No. M–1305.

United States District Court
E. D. Pennsylvania.
April 6, 1949.

Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.

Defendant was not represented by counsel.

BARD, District Judge.

On March 30, 1949, a Post Office inspector filed a complaint before me, sitting as a United States Commissioner, charging the respondent, Norman MacLeod, with falsely forging and counterfeiting a material signature on a United States Postal Money Order with intent to defraud. The respondent and his wife were present. I signed a warrant of arrest.

Immediately thereafter, before me, as a Judge of the District Court, the United States Attorney presented a petition for inquiry into the present mental condition of Norman MacLeod.

The law will not try an individual whose mental condition is such that he cannot distinguish right from wrong or cannot rationally aid his defense.

The petition alleges that the respondent has previously been a psychopathic patient at the Philadelphia General Hospital, Philadelphia, Pennsylvania, and St. Elizabeth's Hospital, Washington, D. C. His physical appearance and condition indicated there was proper basis for the petition presented. When accused's mental

condition is questioned before trial, the court should conduct inquiry. United States v. Harriman, et al., D.C., 4 F.Supp. 186; cf. Youtsey v. United States, 6 Cir., 97 F. 937.

There are various ways in which the Court may determine an individual's mental condition: By confinement and observation in a mental institution; by appointment of a commission for inquiry and report; by the assistance of a jury; or by determination by the Judge alone. United States v. Harriman et al., supra.

As medical science has progressed, our knowledge of the effect of the condition of the mind on human behavior has increased. The respondent and his wife were very cooperative in complying with the United States Attorney's request for an examination and report by competent psychiatrists. Accordingly, I directed that the respondent be taken to the Municipal Court of Philadelphia and be examined by a psychiatrist of that Court, and that the respondent return to this Court on April 4, 1949, at 2 P.M., when the Court would give further consideration to the petition. At that time the report of the psychiatrist of the Municipal Court was presented.

The report states that: For many years the respondent has been an alcoholic, for which he has been hospitalized several times; he is a chronic alcoholic; his alcoholism has affected the use of his arms and legs; his memory and intellectual faculties are intact; he is not hallucinated and denies delusions; he is mentally clear, coherent and alert; he fully recognizes the significance of his acts; he is mentally competent and should stand prosecution.

The psychiatrist who made the examination consulted with two other psychiatrists of the Municipal Court who reviewed the case and are in agreement with the findings and opinion as stated.

On April 4, 1949, my observation of the respondent when he appeared before me indicated that he is addicted to the use of alcohol. He also stated in court that he knows the difference between right and wrong and that what he has done has been wrong.

Intoxication may be a valid defense to the successful prosecution for crime if the defendant is incapable of forming the requisite intent. Wheatley v. United States, 4 Cir., 159 F.2d 599. But temporary insanity induced by voluntary drunkedness, or intoxication, or addiction to alcohol does not render a person free from criminal process.

Although I am not bound to follow the opinion of the psychiatrists, no facts have been presented which contradict their finding. That the respondent is a chronic alcoholic explains his physical condition and disheveled appearance.

I am grateful to, and want to take this opportunity to thank, the Municipal Court for the gracious use of their facilities which they extended me in this case. I shall file the psychiatrist's report with the other papers in this case.

In my opinion the respondent, Norman MacLeod, at least when sober, is sane and is sufficiently in control of his mental faculties to aid in the defense of any suit brought against him. He knows the difference between right and wrong. Therefore, I see no reason why he should not stand trial for the crime with which he is charged.