**McINTOSH v. PESCOR.**

**McINTOSH v. UNITED STATES.**

Nos. 10687, 10814.

United States Court of Appeals
Sixth Circuit.
May 27, 1949.

96

No. 10687:

Charles Lee McIntosh, pro se.
No. 10814:

Richard Doyle, Cincinnati, Ohio, for appellant.

Loren G. Windom, Columbus, Ohio, R. J O'Donnell, and Loren G. Windom, Columbus, Ohio, on the brief, for appellee.

Before HICKS, Chief Judge and SIMONS and MILLER, Circuit Judges.

MILLER, Circuit Judge.

These two appeals attack the validity of the same judgment and can be considered together. Although arising out of different proceedings in the U. S. District Court for the Southern District of Ohio subsequent to the entry in that Court of the judgment complained of, they present the same issue, namely, whether or not appellant's alleged insanity at the time of his sentence invalidates the judgment.

On January 30, 1947, appellant McIntosh was sentenced in the U. S. District Court at Cincinnati, Ohio, to serve a term of three years for violation of the National Motor Vehicle Theft Act. He was admitted to the U. S. Reformatory at Chillicothe, Ohio, on February 6, 1947. On May 7, 1947, the appellant and two others escaped from the Reformatory, but were apprehended in Indiana on May 8, 1947. On May 15, 1947, appellant was indicted in the Southern District of Ohio for escaping from the Reformatory. Following a hearing on June 2, 1947, the Court appointed counsel to represent him. On June 9, 1947, appellant pleaded guilty to the indictment. At the suggestion of counsel that appellant might be mentally

incompetent, the District Judge had him examined by Dr. John C. Wrye, Psychiatrist at the Federal Reformatory, Chillicothe, Ohio, who, under date of June 25, 1947, made a detailed 5-page single-spaced typewritten report. This report stated: " * * This patient does not present aberrations of personality which might be construed as symptoms of psychosis. There is no disorder of speech. His mental trend and stream of speech are clear, coherent, and adequate. * * * He reveals no symptoms which might be interpreted as neurotic, * * * His memory for the remote and recent times is good. He repeats six digits forward and backward with ease. He performs mathematical calculations of addition, subtraction and division with facility. He has no insight into the cause of his actions, although he does know that he has done wrong. His attitude toward his coming trial is that he expects to be given an additional sentence and belives that he can serve this sentence without incident if transferred from Chillicothe. * * *" It closed with a psychiatric diagnosis of "Psycopathic Personality" and the statement that "His prognosis for future adjustment is felt not to be hopeless if his case can be handled by proper agencies and an intelligent future program arranged for him whereby he might be able to engage in occupational activity such as. * * *" On July 15, 1947, the Court sentenced appellant to a term of three years to commence on the expiration of the sentence he was then serving. He was confined in the U. S. Penitentiary at Terre Haute, Indiana, until the latter part of August 1947, when he was removed to the U. S. Medical Center at Springfield, Missouri.

On March 11, 1948, McIntosh filed in the District Court for the Southern District of Ohio at Columbus a proceeding which he styled "Petition for Writ of Habeas Corpus." This petition named as respondent Dr. M. J. Pescor, Warden of the U. S. Medical Center at Springfield, Missouri, where appellant was then confined, but the record before us shows no process issued against the respondent, nor any entry of appearance, response or pleading in his behalf. Outside of its caption, the petition does not purport to be a habeas corpus

proceeding. It was not filed in the District in which the Medical Center was located. Its opening sentence is "Petition to vacate a three year sentence imposed upon Charles Lee McIntosh for escape from the Federal Reformatory at Chillicothe, Ohio on May 7, 1947." It then cites as authority for its filing a ruling of Judge Duncan of the U. S. District Court at Kansas City, Mo., of January 2, 1948, in a habeas corpus proceeding by appellant in that Court, wherein Judge Duncan ruled that appellant's remedy was to apply to the Court that sentenced him to vacate the sentence because of its illegality. The petition states that the petitioner lacked mental capacity to plead to the indictment, and that the sentence should be vacated on the grounds of its illegality. We accordingly treat the proceedings as a petition to vacate an illegal sentence under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., rather than as a habeas corpus proceeding, in which no jurisdiction over the respondent was ever acquired by the Court. Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898. The petition also invoked the "Due Process Clause" because of an alleged involuntary confession. On March 29, 1948, the District Judge entered an order denying the petition, but without stating his reasons therefor. Appeal No. 10,687 was taken from that order.

On July 23, 1948, appellant filed in the U. S. District Court for the Southern District of Ohio, at Columbus, a "Motion and Petition to Set Aside Judgment Imposed under Criminal Indictment No. 5458." This petition likewise cited the ruling of Judge Duncan of the U. S. District Court at Kansas City, Mo., alleged that the petitioner was of unsound mind at the time of his sentence on July 15, 1947, and moved for an order vacating the judgment. There was attached as an exhibit to the petition an unverified copy of what purported to be a report dated August 11, 1947 by a Board of Examiners at the U. S. Penitentiary at Terre Haute, Indiana, to the Attorney General in which the Board certified that after an examination of the prisoner McIntosh, then confined in that institution, "We find him to be insane or of unsound mind, as set out in the medical report attached and in the opinion of the Board of Examiners is a suitable subject for confinement in the United States Hospital for defective delinquents at Springfield, Missouri." There was also attached an unverified copy of an alleged order of removal dated August 20, 1947, and copies of alleged correspondence between different persons referring to McIntosh's mental condition. On October 6, 1948, the District Judge handed down a memorandum opinion which reviewed the proceedings, referred to the previous mental examination ordered by the Court, stated that the Court had determined at that time that appellant was legally sane and able to understand and effectively participate in the proceedings in which he was involved, and that accordingly the issue of mental incompetency was one which had been tried and determined prior to the sentence. He referred to the fact that the exhibits, taken at their fair face value, merely showed a mental condition subsequent to sentence, rather than at the time of sentence, a distinction in criminal law between "medical insanity" and "legal insanity," and that there was no evidence, or suggestion of such evidence being later produced, of lack of legal mental capacity at the time of the plea and sentence. An order was entered denying the motion. Appeal No. 10,814 was taken from that order.

As a preliminary matter, we doubt that the question involved was properly raised by either of the proceedings in the District Court. Rule 35 of the Rules of Criminal Procedure authorizes the district court imposing a sentence to reduce it within sixty days after the sentence is imposed. That period had expired before either of these proceedings was started. Although the same rule permits the court to correct an illegal sentence at any time, the illegality referred to is apparently one disclosed by the record, such as a sentence in excess of the statutory provision, or in some other way contrary to the applicable statute. Holiday v. Johnston, 313 U.S. 342, 349, 550, 61 S.Ct. 1015, 85 L.Ed. 1392; Lockhart v. United States, 6 Cir., 136 F.2d 122, 124. See United States v. Coy, D.C., 57 F.Supp. 661. The district court does not have jurisdiction after the expiration of the term at which the defendant was sentenced to

determine whether or not the sentence is in violation of some constitutional right not put in issue in the case. Lockhart v. United States, supra, 136 F.2d at pages 124-125. Such issues dehors the record would seem to be properly presented by habeas corpus proceedings. Waley v. Johnston, 316 U.S. 101, 104-105, 62 S.Ct. 964, 86, L.Ed. 1302; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

Nevertheless considering the question on its merits, we are of the opinion that the rulings of the District Judge should be affirmed. As a practicable matter, it is only necessary to consider the second appeal. Both appeals raise the same question, and even if, as a matter of procedure, the District Judge proceeded incorrectly in the first appeal, the error was corrected and the issue reconsidered in the later proceeding, from which the second appeal was taken. Two additional questions argued in the first appeal have no merit. The alleged involuntary confession complained of was not used. If considered as an involuntary plea of guilty, it should have been raised by habeas corpus proceedings. Waley iv. Johnston, supra. The contention that appellant was not taken before a U. S. Commissioner following his apprehension on May 8, 1947 is raised by brief, not by the petition, in Appeal No. 10,687. In any event, appellant was an escaped convict and was properly returned to custody.

■ Although counsel's suggestion of insanity was not made until after the plea of guilty, we believe a fair appraisal of the situation is that the suggestion went also to the validity of the plea thus raising the issue of the effect of insanity occurring subsequent to the commission of the offense but before verdict or plea and the ensuing judgment. Accordingly, we do not have the case frequently presented of where insanity occurs subsequent to the trial and verdict but before execution of judgment. In those cases it seems well settled that the defendant is not entitled as a matter of right to have the issue tried to a jury. He has already had his day in court and the trial is ended. The plea at that stage is only an appeal to the humanity of the court to postpone the punishment until a recovery takes place, or as a merciful dispensation. Nobles v. Georgia, 168 U.S. 398, 407, 18 S.Ct. 87, 42 L.Ed. 515; Phyle v. Duffy, 334 U.S. 431, 438, 443, 68 S.Ct. 1131, 92 L.Ed. 1494; Lee v. United States, 5 Cir., 91 F.2d 326, 331, certiorari denied 302 U.S. 745, 58 S.Ct. 263, 82 L.Ed. 576; Annotation 49 A.L.R. 804.

■ The question presented is also different from the one presented when insanity at the time of the commission of the alleged offense is relied upon as a defense. In such cases the issue is tried to the jury as a part of the trial under the indictment. But, when the alleged insanity, occurring subsequent to the offense, merely involves the right to proceed with the trial and a verdict, the Court considers the mental capacity of the defendant from a different viewpoint. The question then is whether the accused can make a rational defense; whether his mental capacity is such as to understand the proceedings against him and rationally advise with his counsel as to his defense. Youtsey v. United States, 6 Cir., 97 F. 937, 943, 944; United States v. Chisolm, C.C. S.D. Ala., 149 F. 284; United States v. Harriman, D.C.S.D. N.Y., 4 F.Supp. 186, 188; United States v. Boylen, D.C. Or., 41 F.Supp. 724; Annotation 3 A.L.R. 94. It is an issue collateral to the trial rather than an issue involved in the trial.

■ The question here involved received careful and thorough consideration by this Court in Youtsey v. United States, 6 Cir., 97 F. 937. In the opinion in that case, Judge Lurton stated that it was fundamental that an insane person could neither plead to an arraignment, be subjected to a trial, or, after trial receive judgment; that such defense might be interposed even after arraignment; that the statutes of the United States provided no procedure for the presentation and trial of an issue of present insanity when presented in bar of trial or judgment; and that we must look to the common law for guidance in such practice. A review of both the English and American authorities showed that the issue to be tried under such circumstances was whether the accused had the mental capacity to under-

stand the proceedings against him and rationally advise with his counsel as to his defense; that the defendant had no absolute right to a trial by jury of such a preliminary question; that the judge might call to his assistance the aid of a jury, but that the mode of trial was one which addressed itself to the sound discretion of the court; that when the subject was brought to its attention by responsible parties it was the duty of the court to consider and determine the matter judicially; and that the record should show affirmatively that upon this issue there has been the exercise of judicial judgment and discretion. See also Whitney v. Zerbst, 10 Cir., 62 F.2d 970, 972; United States v. Chisolm, supra; United States v. Harriman, supra; United States v. Boylen, supra; Annotation 142 A.L.R. 961, 996. Those rules were complied with in this case. The Special Psychiatric Case Report, from which we have quoted hereinabove, supported the Court's ruling that the appellant was able to make a rational defense and fully understood the charge and the effect of his plea. A prior examination and psychiatric report to a different District Judge in Cincinnati had been made before appellant was sentenced in that Court on January 30, 1947 where a similar contention of insanity had also been interposed and was overruled. It was said in Youtsey v. United States, supra: " * * * it may be conceded that it was competent, where the objection is urged only in bar of a present trial, for the court to determine such an objection by inspection and other private investigation, as we are asked to here infer was had." [97 F. 944.] The appellant claims at the present time to be fully recovered and sane. We are not prepared to say that the District Judge in the present proceeding abused the discretion lodged in him. See Neely v. United States, 80 U.S.App. D.C. 187, 150 F.2d 977, certiorari denied 326 U.S. 768, 66 S.Ct. 166, 90 L.Ed. 463; People

v. Syjut, 310 Mich. 409, 17 N.W.2d 232; People v. Chapman, 301 Mich. 584, 595, 4 N.W.2d 18; People v. Esposito, 287 N.Y. 389, 39 N.E.2d 925, 142 A.L.R. 956; People v. Perry, 14 Cal.2d 387, 94 P.2d 559, 124 A.L.R. 1123; Ex parte Hough, 24 Cal.2d 522, 150 P.2d 448; White v. Commonwealth, 197 Ky. 79, 84-86, 245 S.W. 892; Stanton v. State, 148 Fla. 732, 5 So.2d 4; Whitfield v. State, 236 Ala. 312, 182 So. 42.

■ Appellant contends that Rule 28 of the Rules of Criminal Procedure, dealing with the appointment and testimony of expert witnesses, was not followed in receiving the Special Psychiatric Case Report of Dr. Wrye. We are of the opinion that Rule 28 was not applicable. The issue in question was purely collateral to the trial, similar to a motion for a continuance or proceedings involved in the selection of a jury. People v. Janek, 287 Mich. 563, 565-566, 283 N.W. 689; Jordan v. State, 124 Tenn. 81, 88-89, 135 S.W. 327, 34 L.R.A., N.S., 1115; Freeman v. People, 4 Denio, N.Y., 9, 47 Am.Dec. 216; People v. Esposito, supra.

■ The issue was a factual one which was determined adversely to appellant at the time of his plea and sentence. If the ruling was erroneous, it should have been reviewed by appeal. It is not subject to collateral attack. McMahan v. Hunter, 10 Cir., 150 F.2d 498, 499-500; Bennett v. Hunter, 10 Cir., 155 F.2d 223, 225; Hall v. Johnston, 9 Cir., 86 F.2d 820; Myers v. Halligan, 9 Cir., 244 F. 420; Srygley v. Sanford, 5 Cir., 148 F.2d 264; Fenton v. Aderhold, 5 Cir., 44 F.2d 787. See also United States v. Ragen, 7 Cir., 149 F.2d 948, 950, certiorari denied 326 U.S. 791, 66 S.Ct. 476, 90 L.Ed. 480.

■ We find no merit in the further contention that the pronouncement of sentence was based on prejudice and because of appellant's desertion from the Army.

The judgments are affirmed.