## UNITED STATES v. GUNDELFINGER.
### Cr. No. E-4873.

United States District Court
W. D. Pennsylvania.
July 25, 1951.

Edward C. Boyle, U. S. Atty., Irwin A. Swiss, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Harry F. Stambaugh, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

An indictment was returned on March 20, 1948, charging the defendant with sending obscene, lewd and lascivious literature through the United States mail, which indictment is still pending. On November 3, 1950, the United States attorney, pursuant to Section 4244 of Title 18 of the United States Code, presented his petition to the Court praying that the defendant be examined by two qualified psychiatrists as provided in that section. The Court ordered the defendant examined by Dr. Edward E. Mayer and Dr. Cornelius C. Wholey, both well qualified psychiatrists. The defendant was examined by both doctors, and on May 21, 1951, the testimony of Doctors Mayer and Wholey based on their examination was taken by the Court. The defendant testified at length on his own behalf and called as his witnesses his brother, Philip W. Gundelfinger, and H. Ralph Sauers.

The United States attorney urges that the testimony of the physicians establishes that the defendant comes within the provisions of Section 4244 in that he is "pres-

ently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense". Defendant's counsel contends that the defendant understands the proceedings against him and that he has full capacity to assist in his own defense.

■ Section 4244 of Title 18 of the United States Code, added September 7, 1949, 63 Stat. 686, is largely declaratory of the law as it existed under numerous decisions of the Federal courts. Its apparent purpose was to provide a fixed procedure for determining the competency of a defendant to understand the nature of the charges brought against him and to assist in his own defense. The courts have long recognized that the constitutional right of a defendant to a fair trial includes not only his right to be physically present and to assist in his own defense, but also embraces his right to be present mentally as well. This was well stated in Ashley v. Pescor, 8 Cir., 1945, 147 F.2d 318 at page 319: "The defendant is entitled to be present at the time of trial so as to render assistance to his counsel, and if insane, while he may be physically present he is mentally absent, and his insanity may be of such a nature as to render him wholly unable to be of any assistance to his counsel."

■ The question for determination is not whether the defendant is insane so as to be criminally not responsible for his act. The so-called "right and wrong" test has no bearing under this provision of the Code: Moss v. Hunter, 10 Cir., 1948, 167 F.2d 683; nor as contended by the Government is the matter for determination whether the defendant is or is not insane in a general sense. The mental capacity of the defendant is relevant only to the extent that it establishes his ability or lack thereof to understand the proceedings against him and assist in his own defense.

It was apparent to the Court that the psychiatrists who examined the defendant did not understand the purpose of the examination and the narrow issue to be determined by the Court. Both doctors obviously made extensive psychiatric examinations of the defendant and both agreed that he was insane. However, neither doctor testified regarding the ability of the defendant to understand the nature of the charges against him or to assist in his defense until specifically questioned in this regard by the Court. It seems apparent that when the examinations were made, the doctors did not have in mind this specific issue. At the close of his direct testimony, the Court asked Dr. Mayer the following question (Transcript, p. 15):

"Q. What would you say, Doctor, as to the ability of the defendant to understand the nature of the proceedings against him and as to whether he would be able to assist his attorneys in defending the charges against him? A. In my opinion he does not understand the nature and consequences of what he proposes, and therefore is unable to assist his attorneys. He is pathologically delusional and, therefore, cannot be changed into any other attitude."

This answer, while, we feel, not intentionally evasive, was none the less not wholly responsive to the question. Dr. Mayer did not say that the defendant was unable to understand the nature of the charges against him and only inferentially states that he is unable to assist his attorneys. In response to a question as to whether the defendant was able to understand the nature of the charges against him and to assist in his defense, Dr. Wholey testified (Transcript, p. 24): "The very nature of his psychosis prevents him from being able to have a sound interpretation of the questions involved with his convictions. The only thing he can do is to defend those delusional ideas, if that may be of any help. That would be the extent to which he would be able to exercise it."

This answer does not indicate that the defendant is unable to understand the nature of the charges against him, but deals rather with defendant's appreciation of the consequences of his particular beliefs. It does not discuss at all the defendant's ability to assist in his own defense. The testimony of the physicians, therefore, does not establish with any certainty that the defendant lacks the capacity to be present mentally at his own trial.

The normal course would be to request the physicians to examine the defendant further with the specific questions for our determination in mind. However, we believe that this is unnecessary because of the fact that the defendant himself testified at length, and it seems clear to the Court that the defendant well understood the nature of the charges against him and was able to state with accuracy what they were. The only impediment the Court observed which would affect his ability to assist his counsel in his own defense was a slight impairment of hearing. We believe it is proper for the Court to consider this further testimony. See United States v. Chandler, D.C.D.Mass. 1947, 72 F.Supp. 230. The testimony of the witnesses Sauers and Philip W. Gundelfinger, defendant's brother, dealt only with the defendant's abilities and capacities in other fields and did not touch directly on the issue before the Court.

■ It is concluded, therefore, that the defendant may properly be tried on the indictment pending against him, and the United States attorney is directed to place this case on the next Criminal Trial List.