# UNITED STATES v. HIGGINS.
## Cr. No. 21327.

United States District Court,
S. D. California, C. D.
March 7, 1952.

# 482

Morris Lavine, Los Angeles, Cal., for petitioner Higgins.

Walter S. Binns, U. S. Atty., Leila Bulgrin, Asst. U. S. Atty., Los Angeles, Cal., for United States.

WESTOVER, District Judge.

The petitioner in this case was accused of violating the postal laws of the United States. He was brought into court and at the suggestion of the trial judge a hearing was had to determine the sanity of the petitioner. The matter was transferred to the Honorable Judge Ling of Arizona, who then was sitting in Los Angeles and who held an extensive hearing, at the conclusion of which he found petitioner was not mentally competent to stand trial and ordered his commitment to a mental institution.

Subsequent thereto petitioner has filed various writs and applications by which he has endeavored to be released from custody. Recently this department held an extended hearing to determine whether or not, at the date of hearing, defendant was mentally competent to stand trial. At the conclusion of the hearing this court found the petitioner was still incompetent and ordered his continued confinement.

The record in this case discloses that the petitioner has appeared *in pro. per.* and on many occasions and the court in order to protect the rights of the petitioner appointed counsel. Invariably petitioner has fallen out with counsel so appointed and has discharged or demanded the discharge of the numerous counsel appointed by the court.

In the recent hearing before this court relative to the sanity of the petitioner counsel was apointed for the petitioner by the court. Petitioner fell out with the counsel so appointed and demanded his discharge, which the court refused to do. However, the court was lenient with the petitioner, allowing petitioner to argue his own case and to interrogate various witnesses. Subsequent to the finding of the court that petitioner was still incompetent, petitioner filed an appeal to the Circuit Court. Petitioner wrote a letter to the presiding judge of the Circuit Court in which he reiterated his claim that he had been deprived of certain of his constitutional rights, among which was his right to a trial by jury. For the first time in these lengthy proceedings petitioner raised the issue that he was denied a jury trial at the original hearing to determine his competency.

In order to determine the matter involved, this court appointed new counsel for petitioner to determine once more whether or not petitioner has been deprived of any of his civil rights.

The record indicates that when petitioner originally appeared before the Honorable Judge Ling that he requested a jury trial. It is true that no written demand for a jury trial was made, but petitioner stated to the court, "If it is at all possible to have this hearing heard by a jury, I prefer that. * * * I am asking the court, your Honor. I don't know whether I am or not. I just asked the question." Judge Ling held that the petitioner was not entitled to a jury trial, proceeded to take evidence, and subsequent thereto rendered his opinion finding that the petitioner was incompetent.

The issue now before this court is whether or not petitioner was deprived of any of his civil rights because he was denied a jury in a sanity hearing. Petitioner contends that as these proceedings took place in the Federal Court in California he is entitled to a hearing as set forth by the California Penal Code relative to his sanity.

Section 1368 of the Penal Code of California provides in part as follows: "If at any time during the pendency of an action and prior to judgment a doubt arises as to the sanity of the defendant, the court must order the question as to his sanity to be determined by a trial by the court without a jury, or with a jury, if a trial by jury is demanded".

Although no formal demand for a jury was made by the petitioner, it must be remembered that petitioner was appearing *in pro. per.* and as an indigent with no or little experience in Federal Courts. It appears that petitioner certainly made known to the trial court that he wanted a jury trial if he was entitled to one. As a consequence, we are constrained to hold that

the petitioner did make a demand for a jury.

If Section 1368 of the Penal Code applies, there seems to be no doubt that petitioner was denied the trial by jury as required by the section, and as a consequence the proceedings committing the petitioner to a mental institution must be set aside.

■ The statutes of the United States present no way for the presentation and trial of an issue of insanity such as is before this court. There is no mention in the statutes to the effect that in an insanity hearing one is or is not entitled to a jury trial. Where there is no Federal law, the law to be applied is the law of the state. In Erie Railroad Co. v. Tompkins, 304 U. S. 64, at page 78, 58 S.Ct. 817, at page 822, the Supreme Court says: "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."

The Circuit Court of Appeals of the Fifth Circuit in the case of Lee v. United States, 91 F.2d 326, 331, has this to say: "There is no applicable statute of the United States and federal courts apply the common-law rule. At common law a suggestion of insanity after verdict did not give an absolute right of the defendant to have the issue tried to a jury but addressed itself to the discretion of the judge. Of course, the judge might impanel a jury to try the issue, but also he could, upon inspection of the prisoner and consideration of the case, in the exercise of sound discretion, deny the plea of insanity."

■ The above is the rule, after the defendant has been found guilty. There may be a different rule if the issue of insanity is raised before trial, as was in the case at bar.

The Circuit Court of Appeals of the Sixth Circuit in the case of Youtsey v. United States, 97 F. 937, 943, exhaustively discusses the right of a defendant to be tried by a jury upon the question of insanity. That court says:

"The bill of exceptions fails to show that any trial by jury was demanded. As before observed, there is no congressional legislation, such as exists in many, if not all, of the states, regulating the mode of trial of such an issue when presented either as a bar to arraignment, trial, judgment, or execution. * * * But the defendant had no absolute right to a trial by jury of such a preliminary question. The most that can be inferred from the common-law authorities is that the judge may, if he have doubts, call to his assistance the aid of a jury, and submit the matter to them, and that this has been the usual practice. The mode of trial is one which addresses itself to the sound discretion of the court when the objection is made after verdict and sentence. * * * In 2 Bish.Cr.Proc., § 666, it is said:

" 'This question of present insanity is properly, and in practice is generally, submitted to a jury, which may be one of the regular juries attending on the court, or one specially impaneled for the purpose. But this course is not imperative. The court has the discretion, on its own inspection of the prisoner's mental condition, and without the aid of a jury's finding, to decline the trial on the main issue, or direct the question to be tried with the plea of not guilty.' * * * The supreme court of Pennsylvania * * * said:

" 'The question principally discussed in this case is a novel one. It does not appear to have ever been determined or even presented to this court before. Briefly stated, it is this: Whether a defendant in a criminal case, who alleges his insanity at the time of arraignment, is entitled, as a matter of legal right, to have a separate, independent, and preliminary trial of that question by a jury specially impaneled for the purpose.' "

(The Supreme Court of Pennsylvania held that the accused was not entitled to a right of trial by jury upon the issue of insanity as a matter of right but that the court should in some proceedings determine the issue).

The Circuit Court of Appeals in Youtsey v. United States, supra, continues: "Assuming, as we shall, that no duty rested upon the court to impanel a jury to inquire whether the accused was in truth incapable of understanding the proceed-

ings, and intelligently advising with his counsel as to his defense, and that it was optional with the court to call a jury, or to resort to any other special mode of aiding his judgment, it was nevertheless his duty to consider and determine the matter judicially; * * *. We think the learned trial judge should have adopted some method of satisfying himself that the accused was able to rationally defend himself, before putting him on trial under the plea of not guilty."

In the case of Collins v. United States, 9 Cir., 176 F.2d 773, 777, the Honorable Judge Stephens of this Circuit, in a dissenting opinion, said: "Once the matter of competency is raised, the court must have an inquiry, the type of which is discretionary. A jury trial is not a matter of right."

In the case of United States v. Harriman, D.C., 4 F.Supp. 186, the court said: "That there should be an inquiry is clear beyond controversy. * * * The form of the procedure is within the discretion of the court."

In the instant case, although the defendant was denied a trial by jury, nevertheless there was a full hearing by the trial court before the finding was made that the petitioner was incompetent. Assuming that the laws of California relative to sanity hearings do not apply, the petitioner was not entitled as a matter of right to a jury trial upon the issue of insanity. This was a matter entirely within the discretion of the court, and the only thing required was that the court in some way pursue some method to satisfy itself that the accused was not able to adequately defend himself.

Petitioner, however, contends that even though he may not be entitled to a jury trial under the Federal procedure, nevertheless, because the hearing is within the State of California, it is incumbent upon the court to follow the California procedure in a matter such as this. Although the Supreme Court in the Erie Railroad Co. v. Tompkins case, supra, says that the law to be applied in any case is the law of the State, there is some distinction between law and procedure. The issue before the court is a question of procedure.

In a very recent case in this circuit, Jefferson v. Stockholders Publishing Company, Inc., 194 F.2d 281, it was held that the California statute requiring a bond to be filed in libel cases did not apply to Federal Courts in procedural matters.

 It would seem that the Federal courts are not bound by methods of procedure as outlined by the various states.

The Honorable Judge Neterer, sitting in the District Court of Southern California, in the case of United States v. Fore, 38 F. Supp. 140, 141, said: "Under the Federal law, the procedure of the State is not applicable in criminal cases".

Petitioner does not have the right to a jury determination on the issue of sanity in a case tried in a Federal court.