James Francis HILL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12427.

United States Court of Appeals
Sixth Circuit.

June 30, 1955.

John L. Muething, Cincinnati, Ohio, James Francis Hill, in pro per, on brief, for appellant.

James M. Meek, Asst. U. S. Atty., Knoxville, John C. Crawford, Jr., John P. Davis, Jr., U. S. Attys., on brief, for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

On November 10, 1952, appellant was indicted under separate indictments in the Eastern District of Tennessee for knowingly transporting in interstate commerce a stolen motor vehicle in violation of Section 2312, Title 18 U.S.Code, and for transporting in interstate commerce a person who had theretofore been kidnapped and held for ransom in violation of Section 1201, Title 18 U.S.Code. Following a finding by the Court on November 17, 1952 that he was not mentally competent to stand trial, he was confined at the U. S. Medical Center at Springfield, Missouri until such time as he became competent to stand trial. He was later released to state authorities in Massachusetts and there confined in the Bridgewater State Hospital.

Following a habeas corpus proceeding in which appellant was adjudged sane on April 27, 1954, an order was entered in the U. S. District Court in Massachusetts directing the release of appellant unless removal proceedings were instituted within one week after the entry of the order. Appellant was returned to Tennessee for trial and the Court appointed counsel for him, who on May 6, 1954, entered a plea of not guilty by reason of insanity at the time of the commission of the alleged offense.

On June 2, 1954, the U. S. Attorney moved for a judicial determination of the mental competency of the appellant. Following a hearing the Court ruled that appellant was mentally competent to stand trial. Section 4244, Title 18 U.S. Code. The jury returned a verdict of guilty. The Court sentenced appellant to twenty years for the kidnapping offense and three years for the motor vehicle offense, to run non-concurrently. No appeal was taken.

On October 18, 1954, the appellant filed the present proceeding in the District Court to vacate the sentences, under the provisions of Section 2255, Title 28 U.S. Code. The Court overruled the motion without a hearing, but with a written opinion giving the reasons for the ruling. This appeal followed.

■■ It is well settled that a proceeding under Section 2255, Title 28, U.S. Code can not be used as a substitute for an appeal, but is restricted to cases where the sentence is void or otherwise subject to collateral attack. Goss v. United States, 6 Cir., 179 F.2d 706; Davilman v. United States, 6 Cir., 180 F.2d 284, 286; Hudspeth v. United States, 6 Cir., 183 F.2d 68; Whiting v. United States, 6 Cir., 196 F.2d 619. The question whether appellant was mentally competent to stand trial was a factual issue which was raised and adjudicated in the trial court at the time of the trial and was subject to review on appeal. McIntosh v. Pescor, 6 Cir., 175 F.2d 95, 99. It is not subject to review by the present proceedings. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982.

■ Appellant's counsel, appointed in this Court, recognizing the rule and its general application, urges upon us that in exceptional cases a defendant may be deprived of his constitutional rights under such circumstances as justify a review of the proceedings in a collateral attack of this nature. The point is well made. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Bowen v. Johnston, 306 U.S. 19, 26–27, 59 S.Ct. 442, 83 L.Ed. 455; Sunal v. Large, supra, 332 U.S. 174, 178–180, and dissenting opinions of Justices Frankfurter, page 184, and Rutledge, page 187, 67 S.Ct. 1588, 1590–1591, 1594 and 1595. But, as pointed out in those cases, such exceptional cases are those where there clearly has been a fundamental miscarriage of justice for which no other adequate remedy is presently available. See: Howell v. United States, 4 Cir., 172 F.2d 213, 215; Davis v. United States, 7 Cir., 214 F.2d 594, 596.

■ In our opinion, the present case is not one of those exceptional cases. It is true that appellant has a background and record of mental incompetency. But the record also shows periods of improvement and normalcy, such as in April 1954 when he instituted and successfully prosecuted the habeas corpus proceedings in the U. S. District Court in Massachusetts. The petition in that proceeding was prepared and drafted by appellant without the aid of counsel. His application in the present proceeding appears to have been personally prepared by him. In the trial on the merits in the present case the jury rejected his plea of insanity at the time of the commission of the offenses. The issue presently involved is also different from that presented by a plea of insanity at the time of the commission of the offense. In a proceeding of this kind the Court considers the mental capacity of the accused from a different viewpoint, namely, whether he has the mental capacity to understand the proceedings against him and rationally advise with his counsel as to his defense. McIntosh v. Pescor, supra, 6 Cir., 175 F.2d 95; United States v. Gundelfinger, D.C.W.D.Pa., 98 F.Supp. 630. On this factual issue the appellant had his day in court. Witnesses were heard. The issue was thoroughly developed through the testimony of both medical and lay witnesses. The evidence was conflicting. The District Judge, with the recent ruling of the Massachusetts District Court before him, had the opportunity to observe the appellant. United States v. Chandler, D.C.Mass., 72 F.Supp. 230, 238, affirmed 1 Cir., 171 F.2d 921, certiorari denied, 336 U.S. 918, 69 S.Ct. 640, 93 L.Ed. 1081, rehearing denied 336 U.S. 947, 69 S.Ct. 809, 93 L.Ed. 1103; United States v. Gundelfinger, supra, 98 F.Supp. 630, 632. Appellant stated to the Court that he understood the charges and requested that he be allowed to go to trial. His attorney testified that his memory was excellent as to every detail of the offenses he was charged with, that appellant had prepared as well as any lawyer could have prepared a petition for writ of certiorari to the Supreme Court, and that in his opinion he was at that time perfectly capable of conferring with counsel and of aiding and assisting in his defense. We do not agree with appellant's counsel that the remarks of the trial judge conclusively showed an erroneous conception of the

issue and his duty with respect to it. They indicated a realization that the public interest was involved, but also, in our opinion, a realization that that was not the issue presented for his decision. We think the ruling was supported by the evidence, was not clearly erroneous, and must be accepted as dispositive of this phase of the case. McIntosh v. Pescor, supra; Ruebush v. United States, 10 Cir., 206 F.2d 810; Dodd v. United States, 10 Cir., 222 F.2d 175.

Since the only question presented by the motion was a legal one, and not factual, it was not necessary that the appellant be brought to the District Court for a hearing. Section 2255, Title 28 U.S.Code; United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.

The judgment is affirmed.