## STEWART v. JEFFERSON POLICE JURY.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

Submitted November 18, 1885.—Decided December 21, 1885.

The act of the legislature of Louisiana of 1872 prohibiting, with some exceptions, parish tax levies in excess of one hundred per centum of the State tax for the year was the measure of the taxing power of parishes in that State in 1874, 1875, and 1876.

The authority given by the act of the legislature of Louisiana of 1869 to a judge rendering a judgment against a parish to order a levy of taxes sufficient for its payment, was taken away by the act of 1872, limiting parochial taxation to one hundred per centum of the State tax for the year, for all amounts in excess of the limit fixed by the latter act.

The facts which make the case are stated in the opinion of the court.

*Mr. Charles Louque* and *Mr. B. F. Jonas* for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This, like the two cases just disposed of, is a writ of error to a judgment denying the plaintiff a writ of mandamus.

C. W. Besancon was employed as an attorney, by a resolution of the police jury, passed December 11, 1874, to defend in certain suits about roads in the parish; and for services in that behalf rendered during the years 1875 and 1876 he recovered against the police jury of the parish a judgment for $1138 on April 7, 1877.

This judgment he afterwards assigned to Stewart, who procured a writ of mandamus to compel the police jury to levy a tax to pay it. The case came by appeal into the Supreme Court of the State, which at first affirmed this judgment, but on a rehearing finally reversed the order of the inferior court, and denied the writ.

The opinion rendered on the first hearing was based upon the proposition that the limit of taxation of the parish for the years 1875 and 1876 was 14½ mills on the hundred dollars, and that the statute then required that when a court, in a case like this, rendered a judgment against the police jury, it should at the same time order the levy of a tax sufficient to pay it. And though no such order was made in plaintiff's case, the opinion held that the law in this respect became a part of the judgment, and the plaintiff was entitled to the writ to enforce the levy and collect the tax.

On the rehearing the court decided that this act of 1869, which had permitted a tax on the parish to the extent of 14½ mills, had been repealed by the act of 1872.

The first section of that act is as follows:

" SECTION 1. *Be it enacted, etc.,* That section seven of the act recited in the above-mentioned title and approved March 3d, 1871, be so amended and re-enacted as to read as follows: 'That no city or other municipal corporation shall levy a tax for any purpose which shall exceed two and three-quarters per centum on the assessed cash value of all the property therein listed for taxation, except the city of New Orleans, which may levy a tax of two and three-quarters per centum; nor shall the Police Jury of any parish levy a tax for any parish purposes, except to pay indebtedness incurred prior to the passage of this act, during any year, which shall exceed one hundred per centum of the State tax for that year, unless such excess,

whether levied by village, city, or parochial authorities, shall first be sustained by a vote of the majority of the said voters of said village, city, or parish, at an election held for that pur-purpose. No per capita tax, except the poll-tax authorized by the Constitution, shall be assessed or collected in this State.'"

If this act was the measure of the taxing power of the parish in 1874, 1875, and 1876, when the contract with Besancon was made and the services rendered, then it is conceded that there is no right to a mandamus in this case.

The Supreme Court of Louisiana held this to be so, and we are not prepared to say they are wrong in a construction of their own statutes, both of which were in existence when the contract was made.

It is insisted, however, on the part of the plaintiff, that the law which required the court, when rendering a judgment against the parish, to order the levy of a tax sufficient to pay the judgment, was not repealed by this act of 1872, and was unaffected by it, and therefore he should now have, by writ of mandamus, what he ought to have had by the order of the court as part of his judgment. To this the court in its opinion replies, that, the act of 1872, being an absolute limit to the power of taxation by the parish authorities, any order of the court rendering the judgment should be in subordination to that limit and must have been governed by it. So that, though the power of a court to order a levy sufficient to pay its judgment, as a part of the judgment itself, may have re-mained, it could levy by that order no tax beyond the limit fixed by law at the time the contract was made, unless that limit had been enlarged, instead of diminished, by subsequent statutes.

In both these views of the case we concur. The judgment of the Supreme Court of Louisiana is

*Affirmed.*