### SRYGLEY v. SANFORD, Warden.

### No. 11266.

Circuit Court of Appeals, Fifth Circuit.

March 31, 1945.

Edgar V. Srygley, in pro. per.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Edgar V. Srygley was convicted by a jury on the 12th day of November, 1940 on two counts of an indictment which charged that he made false and fictitious entries while employed as a clerk in a postoffice, with the intent to defraud the Government. Title 18, U.S.C.A. §§ 189 and 355. The defendant, after being adjudged guilty, was placed on probation for a period of five years under the two counts. He was represented at the time by counsel.

On the 9th day of May, 1941, the defendant was cited and appeared before the court, being charged with a violation of the terms of his probation. He advised the court that he did not desire counsel, but the court nevertheless appointed counsel who represented him at the original trial. Thereupon, the court, two probation officers and counsel for the defendant entered into a conference and went over and discussed the charges against the defendant. It was found that defendant while out riding with his wife had secured and secreted a heavy iron instrument and had assaulted and beaten her until she lay at the point of death for many days. After the consultation the court called the defendant before him and permitted the defendant to make a confidential statement to the court. The defendant desired to be sentenced to the Federal ·penitentiary and escape, if he could, a trial in· the State courts of Alabama where the maximum penalty for his offense was twenty years. Counsel for defendant went over his case with him and informed him of everything that had transpired in the conference and carefully advised with him. Thereupon, the probation of defendant was revoked and the court

sentenced him to serve fifteen years in the Federal penitentiary.

The defendant now by petition and under a writ of habeas corpus represents that at the time of the hearing and when his probation was revoked he was insane and knew nothing of what transpired at that time. The evidence further shows that he had been assigned to a psychopathic ward in the penitentiary for a long period of time.

■ At the time of petitioner's original trial there was no question of his insanity raised. His counsel were able to secure for him a suspension of his sentence and he entered the real estate business and was able to earn enough money with which to purchase a good automobile. This probation was for a period of five years. Thereafter, and within approximately one year, he went out riding with his wife, who was the mother of ten children, and without any semblance of provocation assaulted and beat her with an iron instrument and almost destroyed her life. The trial judge was informed, according to his affidavit, that the wife carried insurance payable to defendant in the event of her death. It was not suggested or even intimated at the hearing when defendant's probation was revoked that he was of unsound mind. The law does not warrant the making of a collateral attack by way of habeas corpus, but this question should have been raised by direct appeal. Fenton v. Aderhold, 5 Cir., 44 F.2d 787; Whitney v. Zerbst, 10 Cir., 62 F.2d 970; Archer, Warden v. Heath, 9 Cir., 30 F.2d 932.

■ However, we are not willing to rest our decision on the ground that the question of insanity may not be raised by collateral attack: the evidence shows that defendant was of sound mind and eager and anxious to enter the Federal penitentiary and escape the ordeal of a trial in the State courts. George Barnett, who was of counsel at his first trial and who represented defendant when his probation was revoked, testified and made it plain that petitioner was of sound mind. He had represented the defendant in different matters and knew him well. His evidence, along with much of the evidence in the record, leads to the conclusion that the defendant has wholly failed to show that he was of unsound mind when his probation was revoked. Farrington v. King, 8 Cir., 128 F.2d 785; Burns v. United States, 287 U.S.

216, 53 S.Ct. 154, 77 L.Ed. 266; United States v. Moore, 2 Cir., 101 F.2d 56.

The trial court, after a full and fair hearing, found that the defendant was of sound mind when his probation was revoked, and we are of opinion the judgment should be affirmed.