**Freddie BRANT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15119.**

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1955.

Freddie Brant, in pro. per.

Richard C. Baldwin, Asst. U. S. Atty., New Orleans, La., George R. Blue, U. S. Atty., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, BORAH, Circuit Judge, and DAWKINS, District Judge.

PER CURIAM.

Convicted on his plea of guilty of violating the Fugitive Felon Act, 18 U.S.C. § 1073, and sentenced on August 29, 1951, to imprisonment for a period of two years, to become effective upon the expiration of two prior sentences, the

defendant, on May 7, 1954, filed in the court of his conviction a motion [1] to vacate his sentence and dismiss the indictment.

■■ The district judge entered an order [2] which, for the reasons stated in it, rejected his contentions and denied his motion. Appealing therefrom, petitioner is here urging upon us that in so ruling the district judge erred, and his order may not stand.

We cannot agree. Quite to the contrary, we think the order and the reasons given for it find full support in the record and that it must be affirmed.

Affirmed.

1. In it he alleged under oath: (1) that the indictment under which he was convicted was defective in that (a) it does not charge an offense against the United States in that it failed to charge that the flight occurred "after conviction"; (b) it does not contain the necessary jurisdictional allegations; and (c) it was not returned by the Grand Jury in open court; (2) that he was not represented by and did not intelligently waive counsel and that he was mentally incompetent to understand the nature of the charge against him and prior to arraignment he had requested the appointment of a psychiatrist; (3) that he is not guilty of the crime the indictment attempts to charge, and his plea of guilty was ignorantly and inadvertently made; and prayed that he be allowed to offer evidence, including his own, in support of his allegations.

2. The order reads as follows:

"On Aug. 29, 1951, movant was sentenced by this court to two years imprisonment after his plea of guilty to an indictment charging that he 'did unlawfully, willfully, and knowingly move and travel in interstate commerce from New Orleans, La. * * * to Danville, Va., with intent on the part of the said Freddie Brant to avoid confinement and custody under the laws of Louisiana for the crime of armed robbery.' 18 U.S.C., 1073, under which the indictment was brought, states, 'Whoever moves or travels in interstate or foreign commerce with intent either (1) to avoid prosecution or custody or confinement after conviction under the laws of the place from which he flees, for * * * robbery * * * shall be imprisoned * * *.'

"In his motion, apparently made pursuant to the provisions of 28 U.S.C. 2255, movant contends that the indictment is deficient in that it does not contain the words 'after conviction,' that the indictment contains no allegation that the original crime was committed in the Eastern District of Louisiana, and that the indictment does not contain the words 'was held in custody or confinement.' Movant also contends that he was mentally incompetent at the time of his sentence and that his request to have a psychiatrist appointed was ignored, that the indictment was not returned in open court, and that he pleaded guilty thereto through inadvertence and ignorance of the nature of the charge and of his rights.

"In a collateral attack upon an indictment, as under 28 U.S.C. 2255, the question is not whether the indictment is vulnerable to direct attack by a motion or demurrer but whether it is so defective as to deprive the court of jurisdiction. Barnes v. U. S., 8 Cir., 197 F.2d 271. The indictment shows, on its face, that it was based on 18 U.S.C. 1073. It clearly seeks to charge unlawful flight from this district with intent to avoid confinement under the laws of Louisiana for the crime of robbery. While it is true that it is inartificially drawn, it is doubtful that it is so defective as to be vulnerable to a direct attack. Certainly no exceptional circumstances are shown which would justify a collateral attack. Hill v. Sanford, 5 Cir., 131 F.2d 417; Barnes v. United States, supra.

"As to the other contentions made by movant, the transcript of the proceedings at the time of his sentence furnishes a complete answer. The transcript is being made a part of this record. The motion and the record of the case conclusively show that the prisoner is entitled to no relief for the reasons set forth above. The motion is denied."