Jonathan GREGORI, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16363.

United States Court of Appeals
Fifth Circuit.

April 5, 1957.

See also 243 F.2d 48.

---◆---

Jonathan Gregori, Springfield, Mo., in pro. per.

E. Coleman Madsen, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

PER CURIAM.

■ Appellant was indicted on the charge of transporting a woman in interstate commerce in violation of the White Slavery Act, 18 U.S.C.A. § 2421, from Fort Worth, Texas, to Jacksonville, Florida.[1] At the trial, at which he was represented by counsel, evidence was introduced that he had transported the woman from Farmington, New Mexico, to Jacksonville, with a stop in Dallas, Texas. His counsel filed a motion for a new trial, asserting six grounds, none of which challenged the indictment as defective or claimed any variation between the indictment and the proof. After sentence no-

---

1. The indictment read as follows:
  "That on or about the fourth day of December, 1954, Jonathan Gregori did knowingly transport and cause to be transported in interstate commerce, a woman or girl, to-wit, Gwendolyn, Lnu, by means of a common carrier, to-wit, an airplane, from Fort Worth, in the State of Texas, to Jacksonville, in the Southern District of Florida, for the purpose of prostitution and debauchery; in violation of Title 18, United States Code Section 2421."

tice of appeal was filed, but no appeal was prosecuted.

Appellant filed this motion to vacate his sentence under the provisions of 28 U.S.C.A. § 2255, because of the defect in the indictment. The district judge, who had presided at the trial, held that in view of the above facts, and noting that Dallas and Fort Worth are only 37 miles apart, appellant had not shown that this slight variance could conceivably have prejudiced him, and that since it appeared conclusively from the files and records in the case that appellant is entitled to no relief he denied the motion.

■ We fully agree with the district judge that there is no substance to appellant's complaint. The indictment was sufficient to inform him of the charge he was to meet at the trial and it is certain that he could plead the present conviction as a bar to any further prosecution growing out of the same transportation, whether from Dallas or from Fort Worth. The indictment is thus sufficient to have withstood any direct attack that might have been made at the trial or appeal.[2] *A fortiori*, on a collateral attack under 28 U.S.C.A. § 2255 exceptional circumstances must be shown for the vacation of a sentence on the basis of a defective indictment, e.g. if it be shown that the indictment does not allege an offense under any reasonable construction.[3]

■ The variation between the indictment and the proof alleged in the motion is so slight and so plainly not prejudicial to any substantial right of the petitioner that courts are precluded from noticing it. Rule 52(a), Fed.Rules Crim.Proc., 18 U.S.C.A.; 28 U.S.C.A. § 2111.[4]

The denial of appellant's motion is hereby

Affirmed.

---

2. United States v. Williams, 5 Cir., 203 F.2d 572, certiorari denied 346 U.S. 822, 74 S.Ct. 37, 98 L.Ed. 347; Parsons v. United States, 5 Cir., 189 F.2d 252.

3. Brassell v. United States, 5 Cir., 223 F. 2d 259; Brant v. United States, 5 Cir., 218 F.2d 808; Barnes v. United States, 8 Cir., 197 F.2d 271; Byers v. United States, 10 Cir., 175 F.2d 654, certiorari denied 339 U.S. 976, 70 S.Ct. 1008, 94

L.Ed. 1381, 340 U.S. 949, 71 S.Ct. 523, 95 L.Ed. 684.

4. United States v. Nickerson, 7 Cir., 211 F.2d 909; United States v. Williams, supra; Mellor v. United States, 8 Cir., 160 F.2d 757, certiorari denied, 331 U.S. 848, 67 S.Ct. 1734, 91 L.Ed. 1858 (affirming a Mann Act conviction in which there was a slight variation between the indictment and the proof as to the terminus of the transportation).