Jonathan **GREGORI**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 16218.

United States Court of Appeals
Fifth Circuit.

April 5, 1957.

---

Jonathan Gregori, Springfield, Mo., in pro. per.

E. Coleman Madsen, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

In May 1955 the appellant was convicted after a jury trial of several days duration, in which he was represented by counsel, of violating the White Slavery Act, 18 U.S.C.A. § 2421 [1]; a motion for a new trial was filed. On June 17, 1955, appellant was sentenced to four years imprisonment. A notice of appeal was filed on June 27th but apparently the appeal was not prosecuted. Neither the motion for a new trial, based on six asserted grounds, nor the notice of appeal, both of which were prepared by appellant's counsel, raised the issue of insanity at the time of trial as a bar to the

[1]. For our disposition of another motion to vacate sentence under the provisions of 28 U.S.C.A. § 2255 brought on different grounds, see Gregori v. United States, 243 F.2d 47.

proceeding, nor does it appear from the record before us that this question was brought to the attention of, or considered by the trial court in any other manner.

On December 19, 1955, appellant, proceeding in forma pauperis and without counsel, filed a "Motion to Vacate Sentence on Newly Discovered Evidence," in which he alleged in substance the following facts: Appellant had been honorably discharged from the United States Navy in November 1947 for "psychotic reasons"—because he had a "state of paranoia chronic condition, with suicidal tendencies." Subsequently appellant was treated by several doctors for mental ailments and in 1950 he was "again" committed for attempted suicide. Complete amnesia is claimed beginning in the year 1952 and continuing until December 1955, thus including both the date of the alleged crime (December 1954) and the entire period of the consequent judicial proceedings; in particular he alleges that:

"(D) Petitioner appeared in court on approximate date of May 1955. He was mentally ill, incompetent, under complete amnesia and therefore did not realize what was going on and the seriousness and graveness of the crime of which he was involved."

Immediately after his sentence appellant was sent to the Atlanta Penitentiary and was there immediately medically examined and placed into a ward for psychotic patients. A consulting psychiatrist was called, who, with two doctors of the prison staff, diagnosed, only two months after the sentence, that appellant was suffering from: "Paranoia chronic with shizophrenic intonations as evidenced by delusions and hallucinations and active ideas of persecution with suicidal tendencies." Thereupon appellant was transferred to the United States Medical Center for Federal Prisoners at Springfield, Missouri, and placed into a ward for "certified psychotic insane patients under acute state of insanity and needing psychiatric care and treatment." (Spelling as in motion.)

The district judge, who had also presided at the trial, concluded that this motion should be treated as brought under 18 U.S.C.A. §§ 4241, 4245,[2] and directed that the motion be served upon the Attorney General and that he be directed to file with the court either the certificate of probable cause by the Director of the Bureau of Prisons contemplated by § 4245, together with the report of the Board of Examiners prepared pursuant to § 4241 that was apparently referred to in the motion, or to answer appellant's motion. The court denied, as unnecessary for the time being, appellant's request for the production of a transcript of the trial proceedings.

In accordance with this order the United States filed an answer in which it was asserted that appellant's Navy discharge was for "constitutional psychopathic inferiority" rather than for any psychosis or psychoneurosis; it was also asserted that the hospitalization in Atlanta occurred not immediately but

2. "§ 4245. Mental incompetency undisclosed at trial

"Whenever the Director of the Bureau of Prisons shall certify that a person convicted of an offense against the United States has been examined by the board of examiners referred to in title 18, United States Code, section 4241, and that there is probable cause to believe that such person was mentally incompetent at the time of his trial, provided the issue of mental competency was not raised and determined before or during said trial, the Attorney General shall transmit the report of the board of examiners and the certificate of the Director of the Bureau of Prisons to the clerk of the district court wherein the conviction was had. Whereupon the court shall hold a hearing to determine the mental competency of the accused in accordance with the provisions of section 4244 above, and with all the powers therein granted. In such hearing the certificate of the Director of the Bureau of Prisons shall be prima facie evidence of the facts and conclusions certified therein. If the court shall find that the accused was mentally incompetent at the time of his trial, the court shall vacate the judgment of conviction and grant a new trial." 18 U.S.C.A. § 4245.

only after two months. In addition there was filed the report of the Board of Examiners convened in accordance with the order of the court, in which appellant's medical history in the prison hospitals was recited, showing that he had first been placed into a mental ward after a two months' stay in Atlanta because when he was temporarily lodged in the surgical ward of the prison hospital for a minor operation he expressed fears that he would be murdered; he was then diagnosed by the consulting neuropsychiatrist as suffering from "schizophrenia, paranoid type" and was certified by the Board of Examiners at Atlanta as being of unsound mind and recommended for transfer to the Missouri institution. Upon arrival there his diagnosis was "schizophrenic reaction, chronic, undifferentiated type." The Board then gave an account of his appearance before them in which the appellant's behavior was hardly such as to inspire confidence in his ability to comprehend clearly a legal proceeding—though he had earlier initiated this one. The Board concluded that though appellant was then suffering from a major mental disorder there was no "conclusive evidence" that subject had been insane at the time of his trial.[3] No certificate of probable cause by the Director of the Bureau of Prisons had been prepared.

The district court thereupon determined that on the basis of the above report, and on the record as a whole, appellant was not entitled to relief either under the provisions of 18 U.S.C.A. § 4245 or 28 U.S.C.A. § 2255.[4]

3. The pertinent portions of the Board's conclusion read as follows:

"The Board readily concurred in the opinion that Jonathan Gregori was presently suffering from a major mental disorder and was to all practical intents mentally incompetent. The Board was unable to find any conclusive evidence that subject had experienced a mental disorder prior to date of trial on May 18, 1955. Nothing is known of subject's behavior or conduct during period of confinement in jail and during his trial, except for the statement of the presiding district judge, to the effect that, 'No suggestion of the defendant's insanity was made at any time during said proceedings and no defense of insanity was interposed.' [This statement had been made by the judge in the present proceeding and not at the trial.]
* * *

"The Board, in weighing all the evidence in this case, concluded that it was unable to find that subject suffered with any serious mental disorder of psychotic proportions prior to September 12, 1955 —or almost four months following date of trial. The Board readily concurred in the opinion that there was considerable evidence to indicate that subject probably has suffered with serious mental disorder for at least several years. It is also a well known fact that the mental disorder from which subject is presently suffering, namely schizophrenia, is subject to periods of remission when in fact its victim is, to all intents and purposes, mentally competent.

"Knowing however, that the court is not interested in speculation, but rather in an opinion which can be supported by known facts, the Board must state that it finds no conclusive evidence that Jonathan Gregori was suffering with a serious mental disorder of psychotic porportions and rendering him mentally incompetent, either before, or at time of trial."

4. The pertinent portions of the order read as follows:

"This report fails entirely to indicate probable cause to believe that the movant Gregori was mentally incompetent at the time of his trial, but rather states that the Board 'finds no conclusive evidence that Jonathan Gregori was suffering with a serious mental disorder of psychotic proportions and rendering him mentally incompetent, either before, or at time of trial.' In view of the nature of the Board's findings, of course no certificate of probable cause by the Director of the Bureau of Prisons is filed. The nature and effect of the medical report is such that there is no legal basis upon which this Court may hold a hearing to determine the mental competency of the accused at the time of trial as provided in Section 4245, Title 18 U.S.Code.

"The mental incompetency of the movant at the time of trial is the sole ground for relief under Section 2255, Title 28 U.S.Code, asserted by the motion. It is further clearly apparent, therefore, and the Court so finds, that none of the grounds for relief under said Section 2255 are shown by the motion or by the files and records herein and that, on the con-

The principal burden of appellant's brief here is that since the Board found and the experts agree that the chronic mental condition from which he is suffering is one that takes many years to develop, a finding of mental disease some four months after the trial almost conclusively proves mental incapacity at the earlier date. Appellant also complains, apparently with some justice, of undue delay in this proceeding.[5]

The Government relies on two decisions of the Tenth Circuit, Hallowell v. Hunter, 186 F.2d 873, and especially on Hahn v. United States, 178 F.2d 11, for the proposition that 28 U.S.C.A. § 2255 proceedings may not be used to mount a collateral attack on a conviction based on insanity at the time of trial. United States v. Fooks, D.C.D.C., 132 F.Supp. 533, is cited for the holding that in a § 4245 proceeding appellant has "the severe burden" of proving that he was insane at the time of trial.

█ We agree with the district court that an action such as this should most appropriately be brought under the provisions of 18 U.S.C.A. § 4245. However, in the present instance this section is clearly not applicable for the certificate of probable cause, which is therein made a prerequisite for action by the trial court, was not forthcoming, either spontaneously as contemplated by the statute or even after the district court had requested that such a certificate be issued if appropriate. Though § 4245 refers to

§ 4244 for the details of the type of hearing to be afforded the accused, the wording of § 4245 and the principle of *expressio unius* seems to exclude the possibility that proceedings under that section can also be initiated by either the court or the accused, or upon a finding of merely "reasonable cause" as provided in § 4244, even though this leaves an apparent imbalance in the statutory provisions for determining insanity at the time of trial, depending on whether the point is raised before or after imposition of sentence. If § 4245 were indeed the only method for testing a claim of insanity at the time of trial this interpretation might raise some serious questions about either *the constitutionality of the statute* or about that construction in view of the presumed congressional intent, but in light of our determination below that relief under 28 U.S.C.A. § 2255 may also be available these questions may here be avoided. Equally it is unnecessary to determine whether or not the Director of the Bureau of Prisons was correct in withholding a certificate of "probable cause" merely because the Board of Examiners had found "no conclusive proof" of insanity at the time of trial, and whether or not the issuance of such a certificate rests at the Director's unreviewable discretion.

█ The district court also treated the motion as one brought under 28 U.S.C.A. § 2255,[6] but, as indicated above, found that appellant is not entitled to re-

---

trary, the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

5. Appellant's original motion was filed on December 19, 1955, and the district court's initial order thereon was entered on January 30, 1956, requiring the Attorney General to answer within 30 days. The Board of Examiners' report is dated February 9, 1956, but the answer of the United States was delayed, for receipt of a full F.B.I. report, until June 20, 1956, at which time the district court granted a nunc pro tunc extension and entered the denial of appellant's motion. The record on appeal was filed in this Court on July 13, 1956 and appellant's brief was received on July 30th. The

United States did not answer until March 7, 1957, the day on which argument was scheduled to be heard, in violation of both the normal and the minimum time limits under our Rule 24-3 [28 U.S.C.A.], and in possible prejudice to appellant who, not now being represented by counsel, was of course unable to make an appearance.

6. 28 U.S.C.A. § 2255 provides in part as follows:
   "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

lief under its provisions either. With this determination we are, however, unable to agree, whether it be based on the legal contention urged by the Government that § 2255 is unavailable to attack a sentence collaterally for insanity at the time of trial, or is treated as a factual determination by the district court that "the motion and the files and records of the case conclusively show" that appellant was not insane at the time of trial, or even if considered as a "finding" by the trial court, on the basis of a "hearing" (at which the accused need of course not be present) that the appellant is entitled to no § 2255 relief.

Though it has often been said, as the Government now asserts, that § 2255 is entirely unavailable as a vehicle for collaterally attacking a sentence on the basis of insanity at the time of trial, from a close examination of the many cases in which this proposition has been stated it appears that in spite of the broad statements of the inapplicability of § 2255 or of the writs of coram nobis which it succeeded or of habeas corpus which it supplements, most of the cases hold merely that where a claim of insanity at the time of trial had actually been raised at the trial, formally or informally, and determined adversely to the accused, the only review of this determination is by direct appeal from the judgment of the trial court[7]; other statements on this point are in the nature of dicta,[8] while a few cases that cannot thus be distinguished rely on the broad statement of the "rule" as stated in cases in the former categories.[9] It might also be noted that in most instances in which an appellate court affirmed a denial of collateral review on this ground it also indicated that the evidence of insanity presented was too slight to warrant further proceedings.[10] In other words these cases are not good authority for the proposition that if facts indicat-

---

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing. * * *."

7. See Hill v. United States, 6 Cir., 223 F.2d 699, certiorari denied 350 U.S. 867, 76 S.Ct. 113, 100 L.Ed. 768; Dodd v. United States, 10 Cir., 196 F.2d 190, certiorari denied 343 U.S. 987, 72 S.Ct. 1084, 96 L.Ed. 1374, and Love v. United States, 10 Cir., 196 F.2d 190, certiorari denied 348 U.S. 909, 75 S.Ct. 302, 99 L. Ed. 712; Hahn v. United States, supra (the principal case relied on by the Government); Whelchel v. McDonald, 5 Cir., 176 F.2d 260; McIntosh v. Pescor, 6 Cir., 175 F.2d 95; McMahan v. Hunter, 10 Cir., 150 F.2d 498, certiorari denied 326 U.S. 783, 66 S.Ct. 332, 90 L.Ed. 475; Whitney v. Zerbst, 10 Cir., 62 F.2d 970.

8. Hallowell v. Hunter, supra (relied on by the Government).

9. Massey v. Moore, 5 Cir., 205 F.2d 665, reversed on other grounds 348 U.S. 105, 75 S.Ct. 145, 99 L.Ed. 135, which relied on this Court's holding in Whelchel v. McDonald, supra; Srygley v. Sanford, 5 Cir., 148 F.2d 264, which relies in part on Whitney v. Zerbst, supra. See also Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582, vacated 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, in which the Circuit Court finds a division among the circuits based on the cases cited above, 223 F.2d at page 584, footnote 4.

10. E. g., Hahn v. United States, supra; Srygley v. Sanford, supra.

ing the likelihood of insanity at the time of trial only come to light after the imposition of sentence, and the issue was neither consciously waived nor determined adversely to defendant at the time of the trial, no collateral attack can be had on the sentence.

However, we do not believe it necessary to enter into a detailed analysis of the earlier cases, for a recent decision of the Supreme Court appears practically to foreclose argument on this point. In Bishop v. United States, 96 U.S. App.D.C. 117, 223 F.2d 582, vacated and remanded for a hearing 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, the sequence of facts is rather similar to that present here. Bishop was tried and sentenced in a proceeding in which no clear determination of his then sanity was made, but in which he was ably represented by counsel; soon after commitment he was adjudged insane and from the type of insanity and also in light of his earlier conduct some of the medical authorities concluded that it was likely that defendant had been disabled at the time of his trial—though at that time at least a preliminary report certifying his sanity had been made. This and other evidence was presented to the trial court which, very much like the court below, considered only the documentary evidence in the files or attached to the motion and answer and denied relief. The circuit court agreed unanimously that the issue could properly be raised under § 2255, but the majority held that the district court's consideration had been an adequate hearing under this section. The Supreme Court, in a memorandum opinion, vacated the judgment and remanded the case for a hearing by the district court, thus apparently upholding the position taken in the dissenting opinion that no adequate hearing had yet been had.

█ The Bishop case controls our determination of the present appeal on several points. By necessary implication it upholds the applicability of § 2255 to this type of collateral attack since otherwise no hearing would have been ordered. In addition it follows that a mere consideration by the trial court of the motion, answer, and the documents attached thereto or in the file does not constitute the hearing contemplated by § 2255, at least not unless the court does "determine the issues and make findings of fact and conclusions of law with respect thereto." [223 F.2d 588.]

█ It should also be noted that the mere fact that appellant was represented by counsel at his trial does not make this ground of collateral attack unavailable to him, as had occasionally been suggested in earlier decisions, for Bishop too had been represented by counsel at his trial and his original appeal. In this connection it might be noticed that Congress, in limiting the availability of the remedy afforded by 18 U.S.C.A. § 4245, stated merely: "provided the issue of mental competency was not raised and determined before or during said trial"— without making any reference to representation by counsel. Of course it still may be true that a lower standard of mental ability may be sufficient if defendant is represented by counsel than if he is not so protected. Massey v. Moore, 348 U.S. 105, 75 S.Ct. 145, 99 L.Ed. 135.

██ In addition to the suggestion that a collateral attack based on a claim of insanity at the time of trial is historically not within the scope of § 2255 it might be argued that Congress by enacting 18 U.S.C.A. § 4245 intended that type of proceeding to be exclusive in this field and to exclude the one year older § 2255 proceeding from this area. Cf. United States v. Meadows, D.C.W.D. Mich., 140 F.Supp. 184. The legislative history is inconclusive, stating only that the then existing provisions being inadequate, the new procedure would eliminate "the *necessity* of challenging the conviction in an habeas corpus proceeding." (Emphasis added.)[11] However, as

11. House Report No. 1309, August 24, 1949, 81st Cong., 1st Sess., 1949 U.S.Code Cong. Service 1928, 1929.

we have indicated above, § 4245 hardly provides an adequate remedy for all cases in which a prisoner might wish to assert his insanity at time of trial, for it apparently requires a discretionary administrative determination of "probable cause" as a prerequisite of bringing an action. Of course the continuing availability of § 2255 does not make § 4245 superfluous, for the latter provision is primarily meant to safeguard the rights of such insane prisoners as are not competent enough to seek, as petitioner here is, judicial assistance in their own behalf, by requiring an official of the United States to bring to the attention of the trial court all cases in which a miscarriage of justice may have occurred due to the inability of the accused properly to defend himself at his trial. Thus, rather than concluding that Congress intended to restrict in some way the right of an accused to raise the defense of insanity at time of trial we find that the intent embodied in the statutory scheme was to make certain that every mentally handicapped defendant have his day in court on this issue. Cf. Wells v. United States, en banc, 99 U.S.App.D.C. 310, 239 F.2d 931. However, this point need not be further labored, since the motion in the Bishop case was also brought subsequent to the enactment of § 4245, though the question of a possible conflict of § 2255 with the later statute was not explicitly considered there.

It is clear that the trial court's holding with respect to the § 2255 motion cannot be interpreted as a determination that it appears *"conclusively"* from the record either that appellant was not insane at the time of his trial or that he is now precluded from raising this issue because of a previous waiver or a previous adverse determination by the trial court. Such a finding would be clearly erroneous in view of the facts set forth above, in particular those relating to the military discharge and the report of the Board of Examiners. Appellant is entitled to a prompt hearing followed by a determination of the issues and the formulation of findings of fact and conclusions of law, as required by 28 U.S.C.A. § 2255. Bishop v. United States, supra.

The order of the district court is reversed and the motion is remanded to the district court for a hearing.