Edward Donald **MILLER**

v.

**UNITED STATES of America.**

Civ. A. Nos. 1240, 1241.

United States District Court
N. D. Florida,
Pensacola Division.

July 24, 1962.

CARSWELL, Chief Judge.

Under 28 U.S.C. § 2255 defendant has filed motion to vacate two concurrent sentences. The motion avers that defendant received three years sentence on each of two counts of one information, whereas, in fact, the records show there were two distinct informations filed and defendant was sentenced three years on

each of them with the sentences to run concurrently. Defendant's single motion will be treated as if it accurately stated these occurrences, and will be considered as individual motions directed to each of the two sentences. Each motion is predicated on defendant's assertion that he was mentally incompetent at the time he entered plea of guilty to each charge and at the time he was sentenced on those charges. He also alleges that he was mentally incompetent at the time of the commission of each act.

The chain of events leading to this defendant's plea of guilty to both informations can best be summarized chronologically. On February 15, 1962, defendant was arrested in this district on a Commissioner's Complaint charging violation of the Dyer Act, 18 U.S.C. § 2312. At that time a charge was pending against him in the Southern District of Florida charging an offense of impersonation, 18 U.S.C. § 912.

On February 20, 1962, the defendant wrote the Court to the effect that he suffered from chronic alcoholism and that psychiatric assistance might prevent him from losing his mind. This letter suggested to the Court the possibility that the provisions of 18 U.S.C. § 4244 might be brought into play. Accordingly, the Court placed this letter in the hands of the United States Attorney who, upon this letter and upon other information of defendant's alleged suicide attempt in 1949, filed a motion for judicial determination of mental competency as provided for by this statute. The Court entered an order for mental examination under the provisions of this same statute providing that the defendant "be examined as to his mental condition by at least one qualified psychiatrist who shall report to the Court the result of such examination. * * *" This tracks the precise language of § 4244. Pursuant to this order examination was conducted by the Chief, Department of Psychiatry, at United States Air Force Hospital Eglin, Eglin Air Force Base, Florida, and report by that doctor was submitted to the Court. This report was made a part of the record in each of the cases here by specific direction of the Court. It was further provided by the Court that this report be sealed in the court file to be opened only upon order of a Court of competent jurisdiction. The reason this was done was in consideration of the language of 18 U.S.C. § 4244:

"If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. * * * *"

There is no language in this act *requiring* a hearing if the report shows that the defendant is, in fact, mentally competent at the time. It was held in Formhals v. United States, 278 F.2d 43 (9th Cir. 1960) that, "Under such circumstances, 18 U.S.C. § 4244 does not specifically require a trial court's hearing or finding of competency." It was stated on page 48, of 278 F.2d of this opinion as follows:

Footnote " '9. Such a hearing is required by the statute *only when there has been a psychiatric finding of present incompetency.*' (Emphasis in footnote added.) 215 F.2d at page 496. We see no distinction in the statute between the necessity for a hearing, and a finding. If the court hearing is required *only after* a psychiatrist's finding of present incompetency, the court's finding is likewise dispensed with."

In this connection see also Krupnick v. United States, 264 F.2d 213, 217 (8th Cir. 1959) wherein the background of this legislation came under discussion and the court stated through Judge Johnsen:

"The fact that a situation may be one imposing the duty upon the court to have a psychiatric examination made does not necessarily mean, however, that the court is likewise compelled to hold a hearing and make

a finding as to the accused's mental competency."

In the subject case this Court did not formally "find" the defendant Miller to be mentally competent but as stated in Formhals v. United States, supra, at page 48 of 278 F.2d:

" * * * Formhals was not declared incompetent by any court—to the contrary, he was found competent to defend himself—specifically by the court appointed psychiatrist, and inferentially at least, by the trial judge. Under such circumstances, 18 U.S.C. § 4244 does not specifically require a trial court's hearing or finding of competency."

This is precisely what happened here as the record shows with respect to each of Miller's cases.

In consideration of such course of events as has been outlined here with reference to Miller, this Court has directed in all such cases, as was done in his cases, that the psychiatric report be made a formal part of the court record. The Court also provides in such cases—and it was done here—that after full and careful consideration by the Court, the report be filed with the Clerk, that it be sealed, and that it be opened only upon an order of a court of competent jurisdiction.

This last provision is made because almost invariably the psychiatric report contains extremely personal data about the defendant, sometimes the defendant's own self-analysis of the inner workings of his psyche, perhaps comments about members of his family and associates, his childhood experiences, sexual liaisons, etc., all of which suggest to this Court the impropriety of broadcasting to the world at large such intimate revelations or speculations. This could serve no possible purpose except to satisfy the curiosity of those who have no real concern or responsibility with the plight of the individual and whose own sensibilities, if those of no one else, could very easily be offended.

Parenthetically, it may be noted that all such reports are made available for inspection by defendant's attorney before arraignment.

Therefore, without a detailed recitation of the subject report here, it need only be stated that the defendant Miller was found by the psychiatrist to have an intellectual level described as "bright—normal", and that "he understands the nature and gravity of the charges against him and is mentally capable of cooperation in his own defense". Further, that report shows "He has the capacity of having the degree of intent called for by the nature of the alleged offenses." The report as a whole is consistent in its support of this diagnosis and the definitive diagnosis of alcoholism.

With this information before the Court, and in consideration of the language of 18 U.S.C. § 4244 and the authorities cited above on the point, nothing was hinted to the Court that a formal hearing or finding of mental competency was indicated. Inferentially, as was suggested in the cases cited above, this record as to each of the cases here clearly discloses that the competency of the defendant was not a subject for further inquiry or formal finding by the Court.

Thereafter, on April 16, 1962. the defendant was brought into open court and arraigned upon an information charging violation of the Dyer Act. A full transcript of this proceeding has been made and has been considered by the Court, filed with the Clerk, and copies thereof have been mailed to the defendant prisoner. This transcript discloses that the defendant was advised fully as to his Constitutional rights in every particular. It shows that he entered waiver as to each of these rights and thereafter entered a plea of guilty to the information.

Immediately following adjudication of his guilt on his plea, the United States Attorney advised the defendant of his rights with reference to the charges of impersonation pending against him in the United States District Court for the

Southern District of Florida. The defendant indicated that he desired the provisions of Rule 20, F.R.Crim.P. 18 U.S.C.A. to be initiated so that he could enter a plea of guilty to the impersonation charges before this Court.

In view of this development the Court deferred the imposition of sentence on the Dyer Act charge pending completion of the processes under Rule 20 on the impersonation charge.

In the normal course of events a transfer was made from the Southern District to this district of the impersonation charge, and on April 24, 1962, the defendant was again arraigned in open court, this time on the impersonation charge. Again, the defendant was fully advised as to his Constitutional rights in every particular, and, again, the defendant waived those rights. He entered a plea of guilty to that information. A full transcript has also been prepared of this proceeding, and it has been reviewed by the Court and filed, with copies going to the defendant prisoner. As in the case of the earlier arraignment this transcript suggests nothing other than the fact that the defendant knowingly and intelligently and advisedly entered a plea of guilty. Upon this plea also the defendant was adjudicated guilty, and after the Court's consideration of a full presentence report he was sentenced on both the Dyer Act charge and the impersonation charge. The sentence was for three years on each charge with the sentences to be served concurrently. In consideration of the information available to the Court, including the psychiatric report, and upon the oral request of the defendant at the time of imposition of sentence, the Court suggested to the United States Attorney that institutional authorities be advised of the desirability of whatever psychiatric services might be available for the benefit of the defendant.

In making this determination the Court has very carefully reviewed the leading decisions under this act, especially the principles expounded by the Court of Appeals, Fifth Circuit, in Gregori v. United States, 243 F.2d 48 (1957) and since that time applied in many situations. Brown v. United States, 267 F.2d 42 (5th Cir. 1959); Alexander v. United States, 290 F.2d 252 (5th Cir. 1961); Corbett v. United States, 296 F.2d 131 (5th Cir. 1961). Particularly, the Court has considered the most recent statement of the Fifth Circuit in this regard as appears in Van De Bogart v. United States, 305 F.2d 583, in which Judge Brown points out most forcibly that the duty of the trial judge to look into the mental competency of the defendant prior to arraignment finds its expression in 18 U.S. C. § 4244. This act is the proper one for the judge to bring into play promptly upon any suggestion by anyone that the unarraigned defendant might possibly be mentally incompetent. As Judge Brown made clear this is the very purpose of § 4244 and is not to be confused with 18 U.S.C. § 4208(b) which has as it beneficial purpose something quite different: the obtaining of psychiatric evaluation by prison authorities *following* adjudication of guilt whether by plea of guilty or conviction by jury or the Court. The "conceptual oddities" referred to by Judge Brown in Van De Bogart, supra, were brought about there by the improper use by the district court of § 4208(b), intended primarily as an aid to the Court in determining what would be a just and proper sentence after adjudication of guilt, and secondarily as a possible aid to institutional, parole, or probation officers in attempting rehabilitation. Instead, § 4244 should have there been applied prior to arraignment. This is precisely what was done here.

■ The motions, the files and the records of these cases conclusively show that the prisoner is entitled to no relief.

All that the motion, the files and the record do disclose is that this prisoner knowingly, intelligently and advisedly waived his Constitutional rights and entered pleas of guilty to the two charges on which he was sentenced. While there is a very clear suggestion from these same documents that the prisoner suffered from alcoholism, this suggestion

in no way supports his claim of mental incompetency at any of the critical times. Indeed, it may not be too presumptuous to assume that the defendant, incarcerated from February 15, 1962, down to the date of imposition of sentence on April 24, 1962, had no access to the likely generative instrument of his difficulties with the law.

Order denying each of these motions to vacate sentence under 28 U.S.C. § 2255 is, accordingly, entered this date.