164 So.2d 229 (1964)
Frazier KNIGHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 63-713.
District Court of Appeal of Florida. Third District.
May 26, 1964.
*230 Robert L. Koeppel, Public Defender and W. Eugene Neill, Asst. Public Defender, for appellant.
James W. Kynes, Jr., Atty. Gen., and Leonard R. Mellon, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
CARROLL, Judge.
The appellant is serving a life sentence consequent upon a plea of guilty of murder in the first degree, entered at the time of trial on advice of his attorney. He now appeals from an order of the trial court which denied without formal hearing his motion for release filed under Criminal Procedure Rule 1, F.S.A. Ch. 924 Appendix.
The motion set forth numerous grounds. One charged that appellant had been mentally incompetent to stand trial, and certain facts relating to his prior treatment for mental ailments were alleged. In rejecting without formal hearing the ground of alleged mental incompetency at time of trial the trial court was in error, but the court was eminently correct in its summary rejection of the other grounds of the motion. See Meadows v. United States, 5 Cir.1960, 282 F.2d 942; Gregori v. United States, 5 Cir.1957, 243 F.2d 47, 48.
In the Meadows case, in a like situation the motion for release alleged the defendant "was discharged from the armed forces as a psycho neurosis patient" and that "the irresponsible acts held against him at his trial were acts beyond the control of petitioner which happen when his war scrambled brains failed to function like a normal person." Regarding those allegations the appellate court said:
"We think that the allegations of the motion, inartful though they be, are sufficient to set forth the contention that the appellant's mental condition was such that he could not and did not make intelligent waivers and plea. His statements of the prior determination of a mental illess takes the motion out of the category of frivolous claims and requires a hearing. Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835; Gregori v. United States, 5 Cir., 1957, 243 F.2d 47; Brown v. United States, 5 Cir., 1959, 267 F.2d 42."
In United States v. Walker, 6 Cir.1962, 301 F.2d 211, 215, a similar matter was dealt with as indicated by the following excerpt from the opinion in that case:
"In our opinion, the failure of the District Judge to order a pre-trial psychiatric examination of Walker does not, by itself, require a vacation of his sentence. His conviction and sentence were void only if he was, in fact, mentally incompetent to stand trial. Whether he was, or was not, can now be determined. In Krupnick v. United State, supra, and Gunther v. United States, supra, the Courts of Appeals, under somewhat similar circumstances, adopted the procedure of remanding the cause for a present psychiatric inquiry *231 without vacating the sentence. We believe, under the authority of those cases, and under Title 28 U.S.C.A. § 2106, such an order or remand is within our power as an appellate court.
"We, accordingly, remand this case to the District Judge with the direction that he order a psychiatric examination of Walker and determine whether at the time of trial he was mentally competent to stand trial. If the District Judge then determines that Walker was not mentally competent to stand trial, his conviction and sentence should be vacated and a new trial ordered; otherwise, such sentence shall stand and Walker's motion under Section 2255 shall be denied."
This cause is remanded to the circuit court with directions that the claim of insanity at the time of the trial should be determined as provided for in § 917.01, Fla. Stat., F.S.A. If upon such examination and hearing the trial court determines that the defendant-appellant was sane at the time of trial, his motion under Criminal Procedure Rule 1 should be denied. If, however, within the meaning and intendment of the statute, the trial court shall determine the defendant was insane at the time of trial but is now sane, the adjudication of guilt and sentence should be vacated with opportunity to replead and a new trial ordered; or if the holding of the trial court shall be that the defendant was insane at the time of trial and now is or remains insane the adjudication of guilt and the sentence shall be vacated and his cause proceeded in as directed in such instance by the statute.
It is so ordered.
BARKDULL, Chief Judge (concurring specially).
In concurring with the majority in the opinion and judgment returning this matter to the trial court, I do so only because it is clear from the allegations of the petition that the appellant prior to the events resulting in his conviction, had received treatment for mental disorders on three separate occasions and because he averred that he was without the capacity to properly understand or advise his counsel at the time of his plea of guilty.