PER CURIAM.
The appellant Felipe Alicer Rodriguez by this appeal seeks reversal of an order denying his post conviction motion under Criminal Rule 1 by which he collaterally attacks the judgment on the claim that he was insane at the time of arraignment and trial.
Appellant was indicted for the crime of rape. He was without funds to employ counsel. The court appointed an attorney who represented him at the arraignment and at trial. When arraigned he pleaded not guilty. At the time set for trial, he withdrew his plea of not guilty and pleaded guilty to the charge of rape. He was adjudged guilty and sentenced to life imprisonment.
In denying the petition under Criminal Rule No. 1 F.S.A. ch. 924 Appendix the trial court stated:
“The Court has carefully examined the petition filed by the defendant Felipe Alicer Rodriguez, the answer filed by the State Attorney, the transcript of testimony taken before the Justice of the Peace, the court file and the court minutes relative to this matter and finds that the petition filed by the defendant Felipe Alicer Rodriguez is contrary to the facts, that the allegations of the petition are untrue and are frivolous.”
Our inspection of the record leads us to the conclusion that the trial judge did not commit error in ruling that the allegations of the petition were insufficient. See Brown v. State, Fla.App.1964, 164 So.2d 34; Anderson v. State, Fla.App.1964, 164 So.2d 887. The action taken by the defendant-at trial was with advice of counsel. The three co-defendants, all of whom had advice of the same attorney, also changed their pleas from not guilty to guilty at the time of trial. Neither the record nor the Rule 1 petition reveals any previous insanity of the appellant or treatment of him for such condition.
We distinguish this case from Knight v. State, Fla.App.1964, 164 So.2d 229, where we held that a contention presented in a Criminal Rule 1 petition of insanity at the time of trial warranted an inquiry and hearing as provided for in § 917.01, Fla. Stat., F.S.A. The distinguishing feature is that in Knight and the cases cited and relied on therein there was, in addition to a present claim of mental incompetence at time of trial, a showing of prior mental illness or treatment for such. It was the latter circumstance which was regarded as making the contention meritorious and not frivolous. In the Knight case that feature was stressed. See concurring opinion of Chief Judge Barkdull (164 So.2d at 231).
Affirmed.