PER CURIAM.
This is an appeal from a denial of a motion to vacate, F.R.Cr.P. 3.850, without an evidentiary hearing thereon. The basis of appellant’s claim, raised twenty months after sentencing, was that he was mentally incompetent at the time of trial. We reverse.
A motion to vacate, F.R.Cr.P. 3.-850, is the proper procedure to raise this issue. As is necessary, appellant’s sworn petition contained detailed allegations of material and relevant facts which were sufficient to constitute a basis for the collateral inquiry. Knight v. State, 164 So.2d 229 (3d D.C.A.Fla.1964). An evidentiary hearing should have been granted based on the standards as set forth in Brumley v. State, 224 So.2d 447 (4th D.C.A.Fla.1969). Inasmuch as an accused can not be tried, sentenced, or executed while insane, Horace v. Culver, 111 So.2d 670 (Fla.1959), if the court finds the appellant was insane at the time of trial, it should proceed in accordance with F.R.Cr.P. 3.210(a)(3). If the defendant is found to be sane the court should deny the motion.
Reversed and remanded for proceedings consistent herewith.
Reversed and remanded.
OWEN, C. J., and WALDEN and DOWNEY, JJ., concur.